NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FOOD & WATER WATCH; CENTER FOR BIOLOGICAL DIVERSITY; CENTER FOR FOOD SAFETY; DAKOTA RURAL ACTION; DODGE COUNTY CONCERNED CITIZENS; ENVIRONMENTAL INTEGRITY PROJECT; HELPING OTHERS MAINTAIN ENVIRONMENTAL STANDARDS; INSTITUTE FOR AGRICULTURE AND TRADE POLICY; IOWA CITIZENS FOR COMMUNITY IMPROVEMENT; KEWAUNEE CARES; LAND STEWARDSHIP PROJECT; MIDWEST ENVIRONMENTAL ADVOCATES; and NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK, | No.   23-2146 |
| Petitioners, | MEMORANDUM* |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent, | |
| NATIONAL PORK PRODUCERS COUNCIL, AMERICAN FARM BUREAU FEDERATION, U.S. POULTRY & EGG | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ASSOCIATION, and UNITED EGG
PRODUCERS,

           Intervenor-Respondents.

On Petition for Review of an Order of
the Environmental Protection Agency

Argued and Submitted September 12, 2024
San Francisco, California

Before:  BYBEE, BEA, and MENDOZA, Circuit Judges.

Petitioners Food & Water Watch and twelve other environmental nonprofits (collectively, "Petitioners") petitioned the United States Environmental Protection Agency ("EPA") to initiate a rulemaking and revise its regulations governing concentrated animal feeding operations ("CAFOs") that discharge animal waste and manure into U.S. waterways, pursuant to EPA's authority under the Clean Water Act ("CWA").  EPA denied the petition.  It agreed with Petitioners that CAFOs may be responsible for unlawful water pollution, but it determined that an immediate, multipronged rulemaking may not be the best way to fix the problem.  Instead, EPA decided that it would do two things: (1) convene a committee of stakeholders to solicit insights into the problem and (2) initiate a study addressing the efficacy of its current regulations.  After conducting these measures, EPA would assess whether it could "address water quality concerns related to CAFOs through improvements to implementation, enforcement, and other non-regulatory

initiatives, or whether regulatory revisions are appropriate." Petitioners are dissatisfied with EPA's response and petition for judicial review. We have jurisdiction under 33 U.S.C. § 1369(b)(1). *See Nat'l Res. Def. Council v. EPA*, 542 F.3d 1235, 1243 (9th Cir. 2008). Our review is "'extremely limited' and 'highly deferential.'" *Compassion Over Killing v. U.S. Food & Drug Admin.*, 849 F.3d 849, 854 (9th Cir. 2017) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 527–28 (2007)). We may set aside EPA's denial if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Because we find that EPA did not act arbitrarily, capriciously, or contrary to law, we DENY the petition.

1.     As a threshold matter, Petitioners did not waive their challenge. Generally, the panel "will not consider issues not presented before an administrative proceeding at the appropriate time." *Marathon Oil Co. v. United States*, 807 F.2d 759, 767 (9th Cir. 1986). But this preservation requirement is a lenient one: a petitioner adequately preserves its objections if its initial petition "provided sufficient notice to the agency to afford it the opportunity to rectify the violations that the petitioners alleged." *Bahr v. Regan*, 6 F.4th 1059, 1070 (9th Cir. 2021) (quoting *Nat'l Parks & Conserv. Ass'n v. Bureau of Land Mgmt.*, 606 F.3d 1058, 1065 (9th Cir. 2010)) (cleaned up); *see also Pac. Choice Seafood Co. v. Ross*, 976 F.3d 932, 942 (9th Cir. 2020) ("[The panel] will consider any issue that

3

was raised with sufficient clarity to allow the decision maker to understand and rule on the issue raised[.]") (internal quotation marks and citation omitted). Petitioners preserved their arguments for judicial review. Contrary to EPA's assertions otherwise, Petitioners broadly argued throughout their Petition that EPA had a general duty under the CWA to revise their ineffective CAFO regulations.

Moreover, Petitioners focused their challenge on three specific issues, which they presented to EPA in their Petition and to which EPA responded in detail: (1) EPA's "lax requirements" for CAFOs with National Pollutant Discharge Elimination System ("NPDES") permits; (2) EPA's "inadequate CAFO program," which "allows most discharging CAFOs to avoid permit coverage"; and (3) EPA's broad "agricultural stormwater exemption" that "*independently* stand[s] in the way of adequate regulation of CAFOs."

Additionally, contrary to EPA's argument, Petitioners need not seek review of every denied issue in their Petition. EPA points to no caselaw or rationale, nor are we aware of any, that imposes such a duty on petitioners seeking our review.

2.     Here, EPA did not act unreasonably when it refused to take Petitioners' requested action to further regulate CAFOs. "An agency action qualifies as 'arbitrary' or 'capricious' if it is not 'reasonable and reasonably explained.'" *Ohio v. EPA*, 144 S. Ct. 2040, 2053 (2024) (quoting *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)). Under this standard, an

agency "cannot simply ignore 'an important aspect of the problem'"; it must offer "'a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made.'" *Id.* (alteration in original) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Although EPA declined to open a rulemaking at this moment, it did not refuse to take *any* action with respect to its CAFO regulations. In response to the Petition, EPA acknowledged the serious problem of CAFO-based waste discharges into U.S. waterways, and it decided that the most effective way to counter the problem is to further study its Effluent Limitation Guidelines and to commission a stakeholders' subcommittee.

Petitioners compare EPA's actions here to those underlying *Massachusetts v. EPA*, 549 U.S. at 528–35. In *Massachusetts*, the Supreme Court found that EPA acted arbitrarily, capriciously, and contrary to law when it denied a petition for rulemaking after it determined that greenhouse gases present a danger but failed to articulate "some reasonable explanation as to why it cannot or will not exercise its discretion." *Id.* Here, unlike in *Massachusetts*, EPA did not decline to act entirely but instead acknowledged it needed more information before it could act. Regardless, EPA "has broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities" and "significant

latitude as to the manner, timing, content, and coordination of its regulations with those of other agencies." *Id.* at 527, 533. Here, EPA has deemed it prudent to first seek information about how best to tackle the problem before directing resources toward a new rulemaking. Those justifications are reasonable and hardly at odds with the CWA's requirements. *Compassion Over Killing*, 849 F.3d at 854 ("[A]n 'agency's refusal to institute rulemaking proceedings is at the high end of the range' of levels of deference we give to agency action under our 'arbitrary and capricious review.'") (citation omitted). Accordingly, EPA's denial of the Petition was not arbitrary, capricious, or otherwise not in accordance with the law.

**PETITION FOR REVIEW DENIED.**